UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| T MISS TOYS & GIFTS CO., LTD., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 1:25-cv-08993<br>)<br>) |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, T Miss Toys & Gifts Co., Ltd. ("Plaintiff"), hereby sues Defendants, Partnerships and Unincorporated Associations identified on Schedule "A" (collectively "Defendants") for copyright infringement. Defendants have been promoting, distributing, advertising, offering for sale, and selling products bearing Plaintiff's exclusive copyrighted works without authorization within this District through their Internet based e-commerce stores.

This action has been filed by Plaintiff to combat Defendants who copy and trade upon Plaintiff's reputation and goodwill by directly copying or using derivative works of Plaintiff's copyrighted works without authorization. Defendants attempt to circumvent and mitigate liability by operating under one or more seller aliases to conceal their identity and the full scope and interworking of their infringing activities. Plaintiff is forced to file this action to protect unknowing consumers from purchasing products over the Internet that are mistakenly believed to emanate from Plaintiff. Plaintiff has been and continues to be irreparably damaged through consumer confusion and dilution of its valuable copyrighted works as a result of Defendants' actions and seeks injunctive and monetary relief. In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for federal copyright pursuant to 17 U.S.C. § 501, *et seq*. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C §§ 1331 and 1338.

2. Defendants are subject to personal jurisdiction in this district, because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Illinois and this District through, at least, their Internet based e-commerce stores accessible in Illinois and operating under their seller alias. Alternatively, Defendants is subject to personal jurisdiction in this District pursuant to Federal Rule of Civil Procedure 4(k)(2), because (i) Defendants is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3. Venue is proper in this Court pursuant to 28 U.S.C § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this District by advertising, offering for sale, selling, and shipping infringing products into this District.

## THE PLAINTIFF

4. Plaintiff the owner of a federal copyright registration that protects the creative content of Plaintiff's images and illustrations.

5. Plaintiff is the owner of United States Copyright Registration No. VA 2-305-257 (the "T-Miss Works"), and the registration is attached hereto as **Exhibit 1**. Upon information and belief, the copyright has an effective date that predates the Defendants' acts of copyright infringement.

## THE DEFENDANTS

6. On information and belief, Defendants are an individual or business entity who owns and operates e-commerce stores.

7. On information and belief, Defendants regularly conduct, transact business, and derive substantial revenue from their business transactions in the U.S. including this district. Defendants are directing and targeting their business activities at consumers in the U.S., including Illinois, through their e-commerce stores as well as any and all as yet undiscovered user accounts, through which consumers in the United States can view Defendants' storefront, uses to communicate with Defendants regarding their listings for and to place orders for, receive invoices for and purchase infringing products for delivery in the U.S., including this district, as a means for establishing regular business with the U.S., including Illinois.

8. On information and belief, Defendants are sophisticated sellers, operating one or more commercial businesses through their respective user accounts, using their merchant storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale products, including the infringing products at below-market prices to consumers in this district.

9. Upon information and belief, Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to Illinois.

10. On information and belief, Defendants reside and operate in China with lax intellectual property enforcement system. Defendants advertise and sell products bearing infringing version of T-Miss Works without Plaintiff's authorization. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(1).

**DEFENDANTS' INFRINGING CONDUCT**

11. The unique content and character of T-Miss Works has resulted in significant theft of T-Miss Works. Defendants advertise, offer for sale, and sell products bearing infringing version of T-Miss Works to mislead the public that Defendants' products emanate from Plaintiff. Plaintiff regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Recently, Plaintiff has identified several fully interactive e-commerce stores, including

Defendants, which are offering for sale and are selling products using T-Miss Works without authorization to consumers throughout the United States.

12. Defendants facilitate sales by designing their e-commerce stores so that they appear to unknowing consumers to be authorized online retailer. Defendants appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union, and/or PayPal and others. Defendants' e-commerce stores include content and images that makes it very difficult for consumers to distinguish such store from an authorized retailer. Plaintiff has not authorized Defendants to use T-Miss Works.

13. On information and belief, Defendants have engaged in fraudulent conduct when registering seller alias by providing false, misleading and/or incomplete information to online marketplace platforms. On information and belief, Defendants have anonymously registered and maintained seller alias to prevent discovery of their true identity and the scope of their e-commerce operation.

14. On information and belief, Defendants regularly register or acquire new seller alias to sell products using T-Miss Works. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identity and the full scope and interworking of their operation, and to avoid being shut down.

15. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment that may be awarded to Plaintiff.

16. Defendants' infringing activities have caused confusion, mistake, and deception by and among consumers and are irreparably harming Plaintiff.

**COUNT I**
**COPYRIGHT INFRINGEMENT OF UNITED STATES**
**COPYRIGHT REGISTRATION 17 U.S.C. §§ 106 AND 501**

17. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

18. At all relevant times, Plaintiff is the owner of valid and enforceable T-Miss Works, which contain certain copyrightable subject matter under 17 U.S.C. § 101, *et seq.*

19. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a).

20. T-Miss Works have significant value and have been created at considerable expense.

21. Defendants do not have any ownership interest in T-Miss Works. Defendants had access to T-Miss Works via the Internet.

22. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivative works incorporating T-Miss Works on their e-commerce stores. Defendants' derivative works are virtually identical to or substantially similar to T-Miss Works. Such conduct infringes and continues to infringe Plaintiff's copyrights in violation of 17 U.S.C. § 501(a) and 17 U.S.C. § 106. Defendants reap the benefits of the unauthorized copying and distribution of the T-Miss Works in the form of revenue and other profits that are driven by the sale of unauthorized products.

23. On information and belief, Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's copyright.

24. As a result of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

25. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff significant and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. distributing copies of, making derivative works of, or publicly displaying the T-Miss Works in any manner without the express authorization of Plaintiff;

    b. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    c. further infringing Plaintiff's copyright and damaging Plaintiff's goodwill;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as, but not limited to, Amazon.com (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with use of T-Miss Works;

3) As a direct and proximate result of Defendants' infringement of Plaintiff's copyright, Plaintiff is entitled to damages pursuant to 17 U.S.C. §504;

4) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to statutory damages provided by law pursuant to 17 U.S.C. § 504(c);

5) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505; and

6) Award any and all other relief that this Court deems just and proper.

Dated: July 30, 2025 	Respectfully submitted,

*Faye Yifei Deng*
Faye Yifei Deng
YK Law LLP
445 S Figueroa St, Suite 2280
Los Angeles, California 90071
E-mail: fdeng@yklaw.us
Telephone: 213-401-0970

*Attorney for Plaintiff T Miss Toys & Gifts Co., Ltd.*
