IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T MISS TOYS & GIFTS CO., LTD., <br><br> Plaintiff, <br><br> ~ against ~ <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON "SCHEDULE A", <br><br> Defendants, | Case No.: **1:25-cv-08993** <br><br> The Hon. District Judge Charles P. Kocoras <br><br> The Hon. Magistrate Judge Laura K. McNally |

**MEMORANDUM OF LAW** *by*
**PUPTILY STORE** *in Opposition to*
**MOTION FOR DEFAULT JUDGMENT**

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Puptily Store*

i

A. **Table of Authorities**

B. **Table of Contents** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

C. **Introductory Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

D. **Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

E. **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.    The Default is Premature
         under Article 15 of the Hague Convention . . . . . . . . . . . . . . . . . . . . . . . . . 4

    II    There is Good Cause to
         Not Enter a Default Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        a.    Good Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        b.    Quick Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        c.    Meritorious Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            i.    Lack of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            ii.    No Minimum Contacts with Illinois . . . . . . . . . . . . . . . . 11

            iii.    There is no Claim Stated . . . . . . . . . . . . . . . . . . . . . . . 12

            iv.    There was no Infringement . . . . . . . . . . . . . . . . . . . . . . 13

F. **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

B.     **Table of Authorities**

ii

# TABLE OF AUTHORITIES

**Cases**

*Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*,
 961 F.3d 942 (7th Cir. 2020) .................................................................................................. 7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).............................................................................................................. 12

*Barwin v. Vill. of Oak Park*,
 54 F.4th 443 (7th Cir. 2022) ................................................................................................. 12

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).............................................................................................................. 12

*Bestway Inflatables & Material Corp. v. Individuals, -*,
 11696, 2025 U.S. Dist. LEXIS 115749 (N.D. Ill. June 17, 2025) ......................................... 5

*Celine S.A. v. P'ships & Unincorporate Ass'ns Identified on Schedule "A", Case -*,
 6208, 2025 U.S. Dist. LEXIS 39471 (N.D. Ill. Mar. 5, 2025)................................................ 4

*CFTC v. Caniff, Case -*,
 2935, 2020 U.S. Dist. LEXIS 33416 (N.D. Ill. Feb. 27, 2020) ............................................. 8

*Chenyan v. Daisy Xie, Case -*,
 6381, 2020 U.S. Dist. LEXIS 272620 (N.D. Ill. Dec. 22, 2020) ....................................... 2, 6

*Chrysler Credit Corp. v. Macino*,
 710 F.2d 363 (7th Cir. 1983) .................................................................................................. 7

*Cracco v. Vitran Express, Inc.*,
 559 F.3d 625 (7th Cir. 2009) .................................................................................................. 6

*Escamilla v. United States*,
 62 F.4th 367 (7th Cir. 2023) ................................................................................................... 7

*H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*,
 694 F.3d 827 (7th Cir. 2012) ................................................................................................ 10

*JMB Mfg. v. Child Craft, LLC*,
 799 F.3d 780 (7th Cir. 2015) .................................................................................................. 7

*Klauber Bros. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A", Case -*,
 10407, 2024 U.S. Dist. LEXIS 8397 (N.D. Ill. Jan. 17, 2024) ............................................. 9

*Ltd. v. Individuals, et al., Case*,
  2024 U.S. Dist. LEXIS 119991 (N.D. Ill. July 9, 2024) .................................................... 9

*Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'n Identified on Schedule "A"*,
  391 F. Supp. 3d 816 (N.D. Ill. 2019) ............................................................................... 8

*Palace Skateboards Group v. Aimeey, et al.*,
  2022 Case No. 1:21-cv-3951 (S.D.N.Y. 2022) ................................................................ 9

*Parker v. Scheck Mech. Corp.*,
  772 F.3d 502 (7th Cir. 2014) ........................................................................................... 7

*Parsons v. Shenzen Fest Tech Co., Case -*,
  08506, 2021 U.S. Dist. LEXIS 35903 (N.D.Ill. Feb. 26, 2021) ........................................ 8

*Peanuts Worldwide LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A", 347 F.R.D. 316, 328*,
  2024 U.S. Dist. LEXIS 111501 (N.D. Ill. 2024) ..................................................... 4, 8, 9

*PNC Bank Nat'l Ass'n v. Baglien, Case*,
  No. 5:23-cv-113, 2024 U.S. Dist. LEXIS 141302 (2024) ................................................ 9

*Protective Life Ins. Co. v. Foster, Case*,
  2022 U.S. Dist. LEXIS 200413 (N.D. Ind. Nov. 3, 2022) ................................................ 6

*Roadget Bus. PTE Ltd. v. Individuals, Case -*,
  17036, 2024 U.S. Dist. LEXIS 77461 (N.D. Ill. Apr. 29, 2024) ...................................... 9

*Roblox Corp. v. Bigfinz, Case*,
  No. 1:23-cv-05346, 2023 U.S. Dist. LEXIS 212147 (N.D. Ill. Nov. 29, 2023) .................. 11

*Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'n Identified on Schedule A, Case -*,
  5338, 2021 U.S. Dist. LEXIS 40755 (N.D. Ill. Mar. 4, 2021) ............................................ 11

*Sims v. EGA Products, Inc.*,
  475 F.3d 865 (7th Cir. 2007) ........................................................................................... 7

**Federal Rules**

Fed. R. Civ. P. 8 .................................................................................................................. 12

**State Rules**

N.D.Ill. Local R. 7.1 .............................................................................................................. 2

**Other Authorities**

Declaration of Secretary Rusk (Augut 24, 1967) .................................................................. 5

http://amazon.com/report/infringement ................................................................................ 3

https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=428&disp= ... 5

C. **Introductory Statement**

The Plaintiff's premature Motion for Default Judgment against Puptily Store should be denied because it has not been filed after six months elapsed since delivery of the Summons, as required under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 U.S.T. 361, TIAS No. 5568 [1969])("Hague Convention"); because there is good cause to set aside the default, there was quick action by the purportedly defaulting Defendant, and there is a meritorious defense to the Complaint.

The Default is Premature

The Court authorized service by e-mail on Defendant Puptily under Art. X of the Hague Convention, ECF 18 (Aug. 6, 2025).[1] Even assuming the validity of such service, the Hague Convention provides that Default may only be entered only when six months have elapsed since the document was transmitted and other conditions are met. Those conditions were not met.

The Summons and Complaint were purportedly transmitted on August 22, 2025, and therefore, the earliest that the Plaintiff could move for Default is February 22, 2026. This Motion for Default is premature and therefore should be denied.

There is Good Cause to Set Aside the Default

The Defendant has and intends to defend this case on the merits. As shown by the Defendant's failed attempt to appear *pro se* (ECF 31 and 32 (Aug. 26, 2025)) the Defendant is and remains unfamiliar with legal proceedings in the United States. When this Honorable Court rejected the *pro se* filings, ECF 36 (Sept. 3, 2025) the Defendant had to find local Counsel in China

---

[1] To be clear, in the right context, the Defendant intend to challenge the authorization of e-mail service both as a general practice with Schedule A cases, and specifically to the facts of this case. But the argument that six months are required before Default may be entered under Article XV applies regardless of the validity of the underlying service.

1

who then had to coordinate with United States Counsel to appear and oppose this Motion for Default. This Honorable Court has properly noted the challenge for China-based Defendants who are unfamiliar with the language and processes of legal proceedings, and the difficult of communicating with Counsel, See *Chenyan v. Daisy Xie*, Case No. 19-cv-6381, 2020 U.S. Dist. LEXIS 272620, at *3-4 (N.D. Ill. Dec. 22, 2020)(Kocoras, *J.*).

Procedurally, the Defendant has appeared before the Entry of Default and before any Judgment has issued. And this appearance is just one month from the failed effort by the Defendant to appear *pro se*. This is not a recalcitrant Defendant who has refused to participate in the proceedings and has dragged the matter out to prejudice the Plaintiff. Indeed, the Plaintiff is fully protected by the Preliminary Injunction[2] and any delay is academic.

Substantively, the Defendant has a series of meritorious Defenses that will be provided in a skeleton form (to comply with Local Rule 7.1 limit to 15 pages) and explored more fully in the upcoming Motion to Dismiss that will be filed should the Court grant leave for the Defendant to do so, and in a separate Motion to Vacate or Modify the Injunction.

The bottom line is that at this preliminary stage, it would be appropriate for this case to proceed on the merits.

For the reasons argued below, the Defendant submits that the Motion for a Default Judgment should be denied and the Defendant granted leave to Answer or otherwise Move with respect to the Complaint. The Defendant proposes that they would be ready to Answer or otherwise Move within five (5) business days of any decision on this Motion.

---

[2] Separately, the Defendant will be moving to Vacate the Preliminary Injunction and in the alternative, to raise the Bond requirement and/or Cap the Freeze at the net sales of the accused products.

### D.     Procedural Background

In July, the China-based Plaintiff corporation appeared and filed the Complaint, with the" Defendants" identified as a "Schedule A". Despite this Honorable Court's order to unseal the Schedule A and the supporting paperwork for the Motion for a Temporary Restraining Order, ECF 34 (Sept. 3, 2025) those documents remains under seal. Based on the record, however, it appears that Puptily Store was and remains the *sole* Defendant named in this lawsuit. Which given the parties are both domiciled in China, this is an entirely inappropriate case for resolution under "Schedule A".

As with many so-called "Schedule A" cases (but under circumstances that seem entirely inappropriate under the unique circumstances of this case with a single Plaintiff and single Defendant who are both in the same jurisdiction) the Plaintiff bypassed the DMCA system and well-oiled machinery of Amazon and Walmart's intellectual property enforcement program, *See,* http://amazon.com/report/infringement, to file a trawling Complaint that makes vague, generalized allegations against an unspecified number of "Partnerships and unincorporated associations".

But there is nothing in the Complaint or the unsealed public record that names any action (or failure to act) by Defendant or their role in this sprawling conspiracy. Nor is there any factual truth to those allegations, and certainly no factual basis on the public record. In fact, it appears that rather than any "Schedule A" conspiracy, this involves a private business dispute between two overseas Defendants in the same jurisdiction that has no jurisdiction or business before this Court.

The Plaintiff sought and obtained leave to serve the Defendant in China by e-mail, and upon receipt, the Defendant *immediately* appeared pro se to explain its position, ECF 31 and 32 (Aug. 26, 2025). The Honorable Court rejected the *pro se* filings on September 3, 2025. The

3

Defendant has spent the last month coordinating with Chinese Counsel – who then had to coordinate with United States Counsel – and now respectfully appears to oppose the entry of Judgment and the issuance of a Default Judgment.

E.  Argument

    I.  **The Default is Premature under Article 15 of the Hague Convention**

As a preface: the argument that any Default under Article 15 of the Hague Convention requires at least six months to elapse from the delivery of the Summons/Complaint is entirely separate from the issue of whether e-mail service is proper in China under Article X. The Courts which have addressed this issue have made clear that when alternate service is made by e-mail, it is done *pursuant* to Article X, not in defiance of it.

For example, Judge Pallmayer has found that the public identification of a mailing address of an Amazon seller on the "seller information page" is sufficient to establish that there is a known address and therefore the Hague Convention applies, *See Peanuts Worldwide LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 347 F.R.D. 316, 328, 2024 U.S. Dist. LEXIS 111501, *21 (N.D. Ill. 2024)(finding that e-mail service was valid *pursuant* to the Hague Convention, Art. X).[3] Similarly, Judge Gettleman found that when e-mail service is authorized on Schedule A Defendants in China, the Hague Convention (including Article XV) still applies, *Celine S.A. v. P'ships & Unincorporate Ass'ns Identified on Schedule "A"*, Case No. 24-cv-6208, 2025 U.S. Dist. LEXIS 39471, at *4 (N.D. Ill. Mar. 5, 2025)(Gettleman, *J.*)

---

[3] Judge Pallmayer ultimately found that the Undersigned's failure to raise the issue of Article XV in the moving papers waived the issue and did not reach the issue of whether six months are required before the entry of a Default Judgment under the Hague Convention.

4

In other words: "Just because alternate service is permitted under Rule 4(f)(3) does not mean that the Hague Convention magically disappears, as plaintiff seems to wish.[] Instead, in cases where it applies, the Hague Convention [Art. XV] governs the conditions under which a court may grant default judgment." *Bestway Inflatables & Material Corp. v. Individuals*, No. 24-cv- 11696, 2025 U.S. Dist. LEXIS 115749, at *4 (N.D. Ill. June 17, 2025)(Gettleman, *J.*).

The Hague Convention, Art. XV provides time limits and other conditions on when Default Judgments may be issued. As Declared by Secretary of State Dean Rusk on August 24, 1967, this Court may only enter default judgment against a Defendant to whom the Hague Convention applies "if *all the conditions* specified in subdivisions (a), (b) and (c) of the second paragraph of Article 15 are filled", Declaration of Secretary Rusk (August 24, 1967) available online at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=428&disp= (emphasis added). Those conditions are:

> "(a.) the document was transmitted by one of the methods provided for in this Convention,
>
> "(b.) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
>
> "(c.) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed."

Hague Convention, Art. XV. A copy of the U.S. Declarations maintained by the Depositary Body is annexed as Exhibit A.

In other words, under Article XV it is not enough that the Plaintiff served the Defendant by e-mail. Even if we assume that e-mail service was valid under the Hague Convention as applied to service in China, that's an issue about the validity of *service*. But once service is complete, under Article XV there is still an affirmative requirement that a Default Judgment issue

5

only under certain conditions. Those conditions include the U.S.-Declared six-month safe-harbor period after delivery of the documents. Based on the purported delivery of the papers on August 22, 2025, under the Hague Convention, the Plaintiff cannot move for Default Judgment until February 22, 2026.

Further, there is no indication in the moving papers on this Motion that the Plaintiff made any effort to obtain a "certificate of any kind" from the competent authorities in China. Which again, is completely separate from whether Service is proper.

For these reasons, the proposed Default Judgment is premature and should be denied. The Defendant respectfully requests five (5) business days from the issuance of any decision on this Motion to Answer or otherwise move with respect to the Complaint.

## II. There is Good Cause to Not Enter a Default Judgment

While the standards for setting aside an Entry of Default do not strictly apply here (as there has been no such Entry), we respectfully submit that the analogous rules apply. Those rules are that:

"A defendant seeking to set aside the entry of default must show

"(1) good cause for allowing the default;

"(2) quick action to correct it; and

"(3) a meritorious defense to the complaint."

*Chenyan*, 2020 U.S. Dist. LEXIS 272620, at *3 (formatting added) citing *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). "The standard for setting aside an entry of default is more lenient than it is for setting aside a default judgment, and it is preferable to resolve cases through a trial on the merits rather than by default judgment." *Protective Life Ins.*

6

*Co. v. Foster*, Case No. 21-cv-815, 2022 U.S. Dist. LEXIS 200413, at *3 (N.D. Ind. Nov. 3, 2022)(Miller, *J.*) *citing Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). *See also Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948-49 (7th Cir. 2020)(cited in *Protective Life* as "collecting cases distinguishing the standards between entry of default versus default judgment.").

### a. Good Cause

"[A]n entry of default may be set aside for "good cause," which does not necessarily require a good excuse for the defendant's lapse." *JMB Mfg. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015) *citing Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007); *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983).

As shown on the record, the Defendant has intended to fight this case on the merits. They tried to do so *pro se* and, when rejected, moved mountains to find local Counsel who then had to find United States Counsel to address the case.

### b. Quick Action

"What constitutes quick action varies from case to case." *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023). The Court found vacatur proper after a five month delay, *Sims*, 475 F.3d at 866, 868, and *Escamilla* was a five week delay after the original date. Clearly, the action here was prudent and even before the entry of Default.

For those reasons, the opposition is timely.

7

### c. Meritorious Defense

This section is not intended as a full statement of the Defendant's position but to simply outline some of the lines of defense that they will raise in their upcoming Motion to Dismiss, and the substance of any defense should this case proceed to discovery.

### i. Lack of Service

The Undersigned is aware that the weight of opinion (though not universal) of the Judges in the Northern District is to authorize service by email on overseas Chinese Defendants. This "underdog" argument that service is improper is made to preserve the Defendant's Client's rights on appeal, and also as a good faith argument for the extension and modification of the law to protect the China-based Defendant who was improperly served by e-mail.

Some Judges in this District have held that e-mail service on Defendants in China is inconsistent with the Hague Convention and Due Process requirements, *See Parsons v. Shenzen Fest Tech Co.*, Case No. 18-cv-08506, 2021 U.S. Dist. LEXIS 35903, *10 (N.D.Ill. Feb. 26, 2021)(Jensen, *J.*)(e-mail service only potentially appropriate if attempt to serve through the Hague Convention unsuccessful, and even then e-mail service would be inconsistent with due process clause); *Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'n Identified on Schedule "A"*, 391 F. Supp. 3d 816, 825-26 (N.D. Ill. 2019)(Gottschall, *J.*)(finding e-mail inconsistent with the Hague Convention); *CFTC v. Caniff*, Case No. 19-cv-2935, 2020 U.S. Dist. LEXIS 33416, *16 (N.D. Ill. Feb. 27, 2020)(Dow, *J.*)(e-mail service authorized because receiving state – unlike China – did not object to Article 10's postal channels service. Implying China's Article 10 objection included e-mail.)

More recent cases and most Judges in this District disagree, *See Peanuts Worldwide LLC v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 23-cv-2965, 2024

8

U.S. Dist. LEXIS 111501, **26-27 (N.D. Ill. June 25, 2024)(Pallmeyer, *J.*)(finding e-mail service sufficient); *Roadget Bus. PTE Ltd. v. Individuals*, Case No. 23-cv-17036, 2024 U.S. Dist. LEXIS 77461, *14 (N.D. Ill. Apr. 29, 2024)(Ellis, *J.*); *Klauber Bros. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, Case No. 23-cv-10407, 2024 U.S. Dist. LEXIS 8397, *1 (N.D. Ill. Jan. 17, 2024)(Durkin, *J.*)(e-mail service on Defendants in China consistent with Hague Convention).

We would note then-Chief Judge Pallmeyer important caveat: "it is hardly fair for a Schedule A litigant's chances rise or fall based on the identity of the judge to which that entity's case is assigned." and calling for direction from Seventh Circuit, *Peanuts Worldwide LLC*, 2024 U.S. Dist. LEXIS 111501, * 26-27.  *See also Roadget Bus. Pte.. Ltd. v. Individuals, et al.*, Case No. 24-cv-607, 2024 U.S. Dist. LEXIS 119991, at *36 n.13 (N.D. Ill. July 9, 2024)(a "ruling [by the Seventh Circuit] on electronic service of process – whether in this case or another case – would help future litigants avoid substantial confusion".)

But in any event, where the pleadings show that the Defendants' addresses were available, even under *Roadget Bus. PTE. Ltd.*, the Plaintiff is required to comply with the Hague Convention.

We would respectfully suggest that where the address is known (such as this case), the emerging consensus nationally supports a finding that wholesale authorization of e-mail is inconsistent with the Hague Convention, *See PNC Bank Nat'l Ass'n v. Baglien*, Case No. 5:23-cv-113, 2024 U.S. Dist. LEXIS 141302, at *4-5, and n. 4 (S.D. Tex. Aug. 1, 2024)(collecting cases nationally and identifying an emerging consensus against approval of e-mail service).  This is also consistent with the opinion of Professor Benjamin Liebman of Columbia Law School in a Amici Curiae brief filed in an analogous case, *See* Brief of Amici in *Palace Skateboards Group v. Aimeey,*

9

*et al.*, Case No. 1:21-cv-3951 (S.D.N.Y. June 7, 2022)(ECF 48). A copy of his opinion is annexed as **Exhibit B**, which explains how e-mail service is presumptively improper under Chinese law.

One last point: It has been suggested that it is necessary to bend the rules with overseas Defendants in the context of preliminary injunctions "because formal service of process under the Hague Convention or other provisions of law can take months", *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012). But respectfully that concern is illusory. The Convention expressly provides that while a default judgment against a party served pursuant to the Hague Convention cannot issue for six months after service, "the judge may order, in case of urgency, any provisional or protective measures." Article XV.

In other words, the Court can authorize a TRO under seal, allow for e-mail service of the Preliminary Injunction Order and then – with the Plaintiff protected by the TRO/PI – allow the procedures for service and default under Art. X and XV to proceed as required under the Convention. To the extent that going through those procedures takes time, we respectfully submit that that's the *entire point* of the Hague Convention. The Convention was entered into to provide a predictable and agreed-upon process for international due process.

Again, the Defendant respectfully reserves the right to supplement this argument and introduce other arguments with respect to service (and the form of the Summons) in their upcoming Motion to Dismiss and other moving papers.

      ii.      **No Minimum Contacts with Illinois**

As noted, the key filings on the Docket remain under seal. But as far as the Moving Defendant knows, based on the public docket, there is no allegation that the Moving Defendant

*ever* sold product in Illinois. We do not even know whether there was a so-called "test sale" (strawman purchase by a Plaintiff, often used to artificially create jurisdiction in a State).

"The Seventh Circuit has not extended specific personal jurisdiction quite that far; maintenance of an interactive website, unaccompanied by evidence or any sales or any other activity targeting Illinois, does not establish that [a Defendant] has sufficient minimum contacts with Illinois to support the exercise of personal jurisdiction." *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'n Identified on Schedule A*, Case No. 20-cv-5338, 2021 U.S. Dist. LEXIS 40755, at *13 (N.D. Ill. Mar. 4, 2021)(Tharp, *J.*). *See also Roblox Corp. v. Bigfinz*, Case No. 1:23-cv-05346, 2023 U.S. Dist. LEXIS 212147, at *1-2 (N.D. Ill. Nov. 29, 2023)(collecting cases that decline to find minimum contacts by the mere maintenance of a website that could potentially be accessed from Illinois)(Durkin, *J.*).

There is nothing in the record – at least the public record – that alleges *any* sales in Illinois. And even if there were some *de minimus* sale in this State it would not justify personal jurisdiction over the China-based Defendant and no reason for a dispute between two China corporations to be litigated here in Chicago.

The Defendant respectfully reserves the right to supplement this argument and introduce other arguments with respect to personal jurisdiction in their upcoming Motion to Dismiss and other moving papers.

    **iii.**  **There is no Claim Stated**

Recognizing the unwieldy nature of this lawsuit which is structured as a claim of a conspiracy between different sellers, makes it difficult to determine if the Plaintiff has "plead factual content that allows the court to draw reasonable inference that the defendant is liable for

11

the misconduct alleged." *Barwin v. Vill. of Oak Park*, 54 F.4th 443, 453 (7th Cir. 2022) *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Notably, the Complaint avoids the specifics of *this* case by making broad claims about the nature of infringement. It is notably silent about what infringement the Plaintiff allegedly engaged in to justify bringing them into Court. To the extent that such information may be in the moving papers on the Temporary Retraining Order, that is not part of the Complaint and if anything should have been in the Complaint (or included in an amended pleading). This is not a case with dozens or hundreds of Defendants that would render a clear statement of the infringement in the Complaint itself impractical.

Since there is nothing in the Complaint about what the Defendants did the Complaint fails to state a cause of action. There is a sealed set of Exhibits to a Motion for a Temporary Restraining Order, but that is not the Complaint and since it remains under seal it provides no Rule 8 Notice to the Defendant (or their Counsel).

For these reasons the Defendant respectfully submits that the Complaint, together with the sealed exhibits does not qualify as a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8, and Defendants have no case to Answer. Therefore, based on the public record there is nothing to which the Defendant can respond and no factual basis for any claim against the Moving Defendant. To the extent that the sealed material is un-sealed, the Moving Defendant would be happy to address any supplemental allegations contained in those sealed papers directly.

The Defendant respectfully reserves the right to supplement this argument and introduce other arguments with respect to a failure to state a claim in their upcoming Motion to Dismiss and other moving papers.

### iv. There was no Infringement

Even if the anticipated Motion to Dismiss is denied, the Plaintiff submits that the Complaint itself is simply untrue. There was no infringement, and at the least there was no *willful* infringement.

The Plaintiff should be held to their burden of proof on the alleged infringement and its willfulness. That can only be resolved after full Discovery – not on a shotgun Default Judgment.

The Defendant respectfully reserves the right to supplement this argument and introduce other arguments with respect to the factual errancy of the Complaint and other arguments in their upcoming Motion to Dismiss and other moving papers.

For these reasons the Defendant has a meritorious defense.

*[Remainder of Page Intentionally Left Blank]*

### F. Conclusion

For these reasons we respectfully submit that this Honorable Court should deny the motion because it is premature. And even if it is not premature it should be denied because there is good cause for the delay, a quick appearance and a meritorious defense.

All Exhibits are from the public record and subject to judicial notice. They are complete true and accurate copies of their originals.

DATED: **OCTOBER 5, 2025**

                                            RESPECTFULLY SUBMITTED,

By: _____
Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com

14

## CERTIFICATE OF SERVICE

  I hereby certify that on October 5, 2025 simultaneous with the filing of this Submission, a copy of this submission was served on counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**Faye Yifei Deng, Esq.**
YK LAW LLP
445 S Figueroa St., Ste. 2280
Los Angeles, CA 90071
Phone: (213) 401-0970
Email Fdeng@yklaw.us